IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 07-0121-WS |
| | ) | |
| WILLIAM THOMAS FOSTER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter comes before the Court on defendant's Motion to Reduce Sentence on Account of the Change of the Crack Cocaine Law (doc. 60).

Defendant, William Thomas Foster, Jr., entered a plea of guilty to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. On July 2, 2008, the undersigned conducted a sentencing hearing for Foster and imposed a sentence of 240 months. In reaching that sentence, the Court concluded that Foster was subject to a statutory mandatory minimum sentence of 240 months pursuant to 21 U.S.C. § 841(b)(1)(A) because he was accountable for three kilograms of methamphetamine mixture and he had a prior felony drug offense conviction. (*See* docs. 14, 32, 55.)

Foster now seeks reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), presumably relying on the Fair Sentencing Act of 2010 and Amendment 750 to the U.S. Sentencing Guidelines. However, he is ineligible for relief under those provisions because "[t]he law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum." *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010); *see also United States v. Ameda*, 2013 WL 4766857, *1 (11th Cir. Sept. 6, 2013) ("a defendant is not eligible for a § 3582(c)(2) sentence reduction if the amendment does not actually lower the defendant's applicable guidelines range because the defendant's sentence was based on the statutory minimum"). Foster was sentenced to a statutory minimum based on the quantity of methamphetamine (not crack cocaine) for which he was responsible and his previous felony drug offense conviction. Thus, the Court lacks

jurisdiction to consider Foster's § 3582(c)(2) motion for reduction of sentence because he was sentenced to a statutory mandatory minimum sentence that was not affected by the FSA or Amendment 750.

Setting aside the mandatory-minimum nature of his sentence, Foster's Motion to Reduce Sentence would still fail because Amendment 750 does not lower his otherwise-applicable Guidelines range. At the original sentencing hearing, the Court calculated that his base offense level was 34 based on a determination that the total marijuana equivalency for which Foster was responsible was 6,205.72 kilograms.[1] Recalculating that total marijuana equivalency under the new conversion ratio for crack cocaine established by Amendment 750 (which changes the ratio to 3.571 kg marijuana = 1 g crack) leads to a revised total marijuana equivalency of 6,172.853 kg, which still falls well within the 3,000 kg to 10,000 kg range for base offense level 34. In other words, Amendment 750 neither lowers Foster's base offense level nor reduces his calculated guidelines range. Therefore, he is ineligible for reduction in sentence under § 3582(c)(2), as a matter of law. *See, e.g., United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013) ("Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence."); *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012) ("[w]here a retroactively applicable guideline amendment … does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence") (citation omitted).

For all of the foregoing reasons, defendant's Motion to Reduce Sentence (doc. 60) is **denied**.

DONE and ORDERED this 4th day of October, 2013.

                                                    s/ WILLIAM H. STEELE
                                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] That figure was reached via the following findings and calculations: 3 kilograms of methamphetamine mixture equates to 6,000 kilograms of marijuana (conversion rate of 2 kg marijuana = 1 gram meth mixture); 23 grams of crack cocaine equates to 115 kilograms of marijuana (conversion rate of 5 kg marijuana = 1 gram crack); and 90.72 kilograms of marijuana, for a total marijuana equivalency of 6000 kg + 115 kg + 90.72 kg = 6,205.72 kg.