IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM FOSTER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 07-0121-WS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner William Foster, Jr.'s *pro se* filing styled as a Motion for Compassionate Release (doc. 72). The Government has filed a Response (doc. 75), and the Motion is now ripe.[1]

Foster is presently serving a 240-month term of imprisonment arising from his conviction in this District Court of one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b). In contrast to many prisoners seeking compassionate release during the ongoing COVID-19 pandemic, Foster has already been released to home confinement by the Bureau of Prisons pursuant to its coronavirus protocols. As such, Foster is now under the supervision of RRM Montgomery, a Residential Reentry Management field office located in Montgomery, Alabama. According to BOP records, Foster's supervision at RRM Montgomery is projected to terminate on May 4, 2024.

Foster is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic. His Motion

---

[1] Also pending is the Government's Motion for Leave to File Under Seal (doc. 76). In that Motion, the Government seeks leave to file under seal a copy of Foster's Presentence Investigation Report. That document is already present in the court file at docket entry 32; however, there is no harm in the Government's request. Without question, the PSR is both helpful to evaluate Foster's Motion and properly submitted under seal to safeguard his privacy. Accordingly, the Government's Motion for Leave to File Under Seal is **GRANTED**. The exhibit found at docket entry 77 (consisting of Foster's Presentence Investigation Report) shall be maintained **UNDER SEAL** by the Clerk of Court.

appears to have been filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018.  That section allows a defendant such as Foster to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the Bureau of Prisons, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  § 3582(c)(1)(A).  In other words, Foster must present his request for compassionate release to prison officials before petitioning this Court for relief.  He admits that he has not done so; indeed, Foster states in his Motion that "Defendant cannot easily and readily avail himself/herself of the BOP Administrative Process in directly requesting Compassionate Release."  (Doc. 72, PageID.271.)  To maintain that he cannot "easily and readily" seek relief via BOP administrative procedures is not the same as saying that he is unable to do so, or that he has undertaken reasonable attempts to do so.  Petitioners residing in halfway houses are generally able to comply with their statutory exhaustion obligation by submitting a request to the chief executive officer of the Residential Reentry Management facility.  *See United States v. Franco*, 973 F.3d 465, 468-69 (5th Cir. 2020).  Foster has not done so.

In addition to his failure to satisfy this procedural requirement, Foster has not made a sufficient factual showing to justify sentence relief at this time.  Compassionate release is available only for inmates who demonstrate that "extraordinary and compelling reasons warrant such a reduction."  § 3582(c)(1)(A)(i).  The statute is clear that any such reduction of a sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the Federal Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious medical condition diminishing his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the director of the Bureau of Prisons."  *Id.*

Foster would apparently invoke the second of these subsections.  Pursuant to the Sentencing Commission's policy statement, extraordinary and compelling reasons for

modification of sentence may exist where "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, App. Note 1(B).  Foster plainly satisfies the first and third criteria, inasmuch as BOP records reflect that he is 67 years old and he has served more than 13 years of his term of imprisonment.  The trouble, however, is that the Court has no information before it that Foster is experiencing an age-related serious deterioration in physical or mental health.  Foster's Motion is silent as to any medical conditions from which he may suffer.  At best, Foster states that scheduling medical treatment is difficult in the RRM system because the supervising staff is exceptionally busy, with resulting delays in processing requests for medical appointments.  Unfortunately, he provides no specifics.  From Foster's submission, the Court cannot discern what medical services have been delayed for him, how long those delays have been, or what impacts those delays have had (if any) on his physical or mental health.  In short, Foster's Motion falls short of identifying facts that would support a determination that extraordinary and compelling reasons warrant a reduction in sentence to terminate his halfway house supervision at this time to enable him to obtain necessary medical care.

      For these reasons, Foster's Motion is **denied** as both procedurally and substantively deficient, without prejudice to his ability to renew his motion upon a proper showing that (i) he has complied with the procedural requirements of § 3582(c)(1)(A); and (ii) extraordinary and compelling reasons favor granting him early release.

      DONE and ORDERED this 24th day of November, 2020.

                              s/ WILLIAM H. STEELE
                              UNITED STATES DISTRICT JUDGE